**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tinh H Le, | No. CV-21-00152-TUC-RCC |
| Petitioner, | **ORDER** |
| v. | |
| United States Department of Agriculture, | |
| Respondent. | |

Pending before the Court is Respondent's Motion to Dismiss for Insufficient Service of Process and Motion for More Definite Statement. (Doc. 12.) The Court will grant the motion.

## I.  Factual and Procedural History

On April 7, 2021, Petitioner Tinh H Le filed a pro se complaint against Respondent United States Department of Agriculture ("USDA") alleging that Petitioner "was charged with violating the terms and conditions of the [Supplemental Nutrition Assistance Program ("SNAP")] regulations at 7 CFR [§] 278.2(a) and was warranted a six-month disqualification period." (Doc. 1 at 1.) In his complaint, Petitioner asserts that this Court has jurisdiction pursuant to 7 U.S.C. § 2023 and 7 C.F.R. § 279.7. (*Id.*) The remedy sought is a "civil money penalty" rather than disqualification. (*Id.*) On April 12, 2021, Petitioner filed another document asking that the Court halt the six-month disqualification period pending its review. (Doc. 5.)

On June 30, 2021, the Court issued an order notifying Petitioner that, pursuant to Federal Rule of Civil Procedure ("FRCP") 4(m), Petitioner was required to serve process

in accordance with FRCP 4 within 90 days of filing his complaint. (Doc. 8.) On July 7, 2021, Petitioner requested an extension of the deadline to serve process stating that he did not initially understand the requirements. (Doc. 9.) The Court granted the extension and reset the deadline for August 12, 2021. (Doc. 10 at 1.) Acknowledging that Petitioner is proceeding pro se, the Court also instructed Petitioner to familiarize himself with the Federal Rules of Civil Procedure and the Local Rules for the District of Arizona ("LRCiv"). (*Id.*) Furthermore, the Court outlined additional resources available to Petitioner should he require further assistance. (*Id.*) On August 11, 2021, Petitioner filed a statement stating that he had "served the summon[s] to the defendant on July 24, 2021" and enclosed as proof a copy of a receipt for certified mail sent to the USDA. (Doc. 11.)

On September 27, 2021, Respondent filed the present motion, requesting that the Court dismiss the action pursuant to FRCP 12(b)(5) for insufficient service of process, or, in the alternative, order a more definite statement pursuant to FRCP 12(e). (Doc. 12.) First, Respondent argues that Petitioner did not comply with FRCP 4(i)—which outlines the requirements for serving process on the United States and its agencies—when he sent the summons by certified mail. (*Id.* at 1.) Second, Respondent asserts that Petitioner "has not identified any facts that would plausibly entitle him to relief or explained how the agency erred." (*Id.*)

On October 28, 2021, the Court notified Petitioner that a motion to dismiss had been filed and detailed the implications of such a motion in accordance with *Stratton v. Buck*, 697 F.3d 1004 (9th Cir. 2012). (Doc. 13.) The Court explained FRCP 4(i)'s requirements for serving process on a federal agency and clarified LRCiv 7.2's requirements for Petitioner's response to Respondent's motion to dismiss. (*Id.* at 2–3.) The Court warned Petitioner that he must timely respond to all motions and further specified,

> If a plaintiff does not submit a timely response in opposition, the Court may interpret the failure as agreement to the granting of the motion, and the Court may dismiss the claims and parties without prejudice. *See* Rule 7.2(i) of the Local Rules of Civil Procedure; *see also Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). **If the court grants the motion to dismiss the case will**

**be over and there will be no trial.**

(*Id.* at 3 (emphasis in original).) The Court extended the normal 14-day response deadline and gave Petitioner 30 days from the date of the order to file a response. (*Id.* at 4.) Petitioner did not file a response.

## II.     Discussion

FRCP 12(b)(5) allows a party to move to dismiss claims against it for insufficient service of process. Fed. R. Civ. P. 12(b)(5). The serving party bears the burden of establishing the validity of service. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). If the deadline has expired and service is insufficient, a court must extend the time period "upon a showing of good cause for the defective service." *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). "[I]f there is no good cause, the court has the discretion to dismiss without prejudice or to extend the time period." *Id.*

Although courts construe pro se filings liberally, pro se litigants are nonetheless "bound by the rules of procedure." *Ghazali*, 46 F.3d at 53; *see also Dema v. Staffmark Agency*, No. CV 07-216-PHX-ROS, 2008 WL 11449229, at *1 (D. Ariz. Mar. 31, 2008) ("Nor is [Plaintiff] excused from the requirements of Federal Rule of Civil Procedure 4 because he is a pro se litigant."); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").

FRCP 4(i)(2) states that "[t]o serve a United States agency or corporation . . . a party must serve the United States [in accordance with FRCP 4(i)(1)] *and also* send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." Fed. R. Civ. P. 4(i)(2) (emphasis added). To serve the United States under FRCP 4(i)(1), the party must:

> (A)
>> (i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or

     (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;

   (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and

   (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i)(1).

A court, in its discretion, may dismiss an action for failure to prosecute if the plaintiff does not serve process in accordance with FRCP 4, but the court must first weigh the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423–24 (9th Cir. 1986); *see also Pesqueira v. Ryan*, No. CV 15-01426-PHX-DGC (ESW), 2019 WL 415760, at *2 (D. Ariz. Feb. 1, 2019) (applying the *Henderson* factors when considering a motion to dismiss based on improper service of process); *Dema*, 2008 WL 11449229, at *1 (dismissing action without prejudice where plaintiff did not offer good cause justifying insufficient service of process). Moreover, a court may dismiss an action where the plaintiff fails to respond to a motion to dismiss after considering the *Henderson* factors. *Ghazali*, 46 F.3d at 53; LRCiv 7.2(i) ("[S]uch non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily.").

Here, the Court finds that dismissal is warranted based on insufficient service of process and failure to respond to the motion to dismiss. All but one of the *Henderson* factors weighs in favor of dismissal in this case. First, "the public's interest in expeditious resolution of litigation always favors dismissal" and this case is no exception. *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Similarly, the court's need to manage its docket generally weighs in favor of dismissal. *See Wanderer v. Johnston*, 910 F.2d 652,

656 (9th Cir. 1990). Moreover, the Court does not see any risk of prejudice to Respondent should the Court grant Respondent's motion.

And, while public policy favors disposition of cases on their merits, *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002), the Court finds that the final factor favors dismissal. Although the Court believes that Petitioner likely intended to properly serve process by sending certified mail to Respondent, this is only half of what is required and therefore not sufficient under FRCP 4(i)(1). With its orders from June 30 and October 28, the Court gave Petitioner ample notice that he was required to comply with FRCP 4. Indeed, the latter order also clarified specifically what was required to serve process on a federal agency in compliance with FRCP 4(i)(2). By failing to respond to Respondent's motion to dismiss, Petitioner offered no good cause for his failure to properly serve process. At the outset of this case, the Court extended the original service deadline based on Petitioner's good faith explanation that he did not understand he was responsible for serving Respondent. However, even with the extension, Petitioner has offered no explanation for his failure to comply with the service requirements of FRCP 4(i)(2). Moreover, Petitioner was afforded ample time to respond to the motion to dismiss. The Court gave Petitioner an additional 30 days from the date of its *Stratton* order to file his response. The Court explicitly warned Petitioner that failure to respond could result in granting the motion and what that would mean for Petitioner's claim. Petitioner simply did not respond and did not request an extension of time to do so. Therefore, dismissal is an appropriate sanction at this juncture.

///
///
///
///
///
///
///
///

### III. Conclusion

The Court finds that the *Henderson* factors weigh in favor of dismissal based on Petitioner's insufficient service of process and failure to file any response to Respondent's motion to dismiss. Accordingly,

**IT IS HEREBY ORDERED** that Respondent's Motion to Dismiss (Doc. 12) is **GRANTED.** This matter is dismissed without prejudice. The Clerk of Court shall docket accordingly.

Dated this 6th day of December, 2021.

Honorable Raner C. Collins
Senior United States District Judge